# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

_____X

George Skabardonis

**Plaintiff**

-against-

Bank of America Corporation;
Bank of America, N.A., and FIA Card Services, N.A.

**Defendant**

_____X

Docket No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendants, Bank of America Corporation; Bank of America, N.A., and FIA Card Services, N.A. (hereinafter "BOA") violated the Plaintiff's right to privacy by persistently using a robo-dialer to call the Plaintiff's cellular phone. These actions invaded the Plaintiff's privacy in the manner in which the Telephone Consumer Protection Act, 47 U.S.C. Section 227 et seq,. was meant to prevent.

2. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act (TCPA).

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. Section 227. Venue in this District is proper in that the Defendant transacts business here, both parties reside here, and the conduct that is the subject of this complaint occurred here.

### III. PARTIES

4. Plaintiff, George Skabardonis, is a natural person residing in New York.

5. Defendant, Bank of America, N.A., is a national bank having offices within the Southern District of New York. Defendant Bank of America, N.A. is owned by Bank of America Corporation. Defendant FIA Card Services, N.A. is a national association owned and operated by Bank of America Corp.

6. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

7. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

8. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

10. Plaintiff previously had a charge card account with BOA.

11. The Defendant uses an automatic telephone dialing system to make telephone calls.

12. Within the last four years, the Defendant has used an automatic telephone dialing systems to telephone the Plaintiff's cellular telephone.

13. The Plaintiff received these calls on his cell phone. The calls intruded on the Plaintiff's seclusion.  The calls invaded the Plaintiff's right to be left alone.

## V.  CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

14.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

15.  Within the four years preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system and/or delivered a pre-recorded message in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

16. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

17. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

18. Pursuant to the 47 U.S.C. Section 227 b (3) the Plaintiff is entitled to an injunction prohibiting the Defendant from using an automated telephone dialing system to call the Plaintiff's cellular phone and prohibiting the Defendant from initiating a call to the Plaintiff's cellular phone to deliver a pre-recorded message.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1.  Statutory damages pursuant to the TCPA as further described herein;

2. An injunction as further described herein; and

3. For such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                The Law Office of Joseph Mauro, LLC
                Joseph Mauro (JM 8295)
                306 McCall Ave.
                West Islip, NY 11795

### DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

                <u>/s/ Joseph M. Mauro</u>
                Attorney for Plaintiff